UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| BELICIA SMITH, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br><br>-v.-<br><br>DYNAMIC RECOVERY SOLUTIONS, LLC,<br><br>LVNV FUNDING, LLC and<br><br>John Does 1-25<br><br>Defendant(s). | Civil Action No: 2:19-CV-00135-DCN |

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff, Belicia Smith, (hereinafter, "Plaintiff" or "Ms. Smith"), respectfully submits this Memorandum of Law in opposition to the motion to dismiss ("Motion") Plaintiff's Complaint filed by Defendants, Dynamic Recovery Solutions, LLC ("DRS") and LVNV Funding, LLC ("LVNV") (collectively, "Defendants").

**PRELIMINARY STATEMENT**

By way of motion, Defendants seek to dismiss Ms. Smith's Complaint alleging that Ms. Smith has failed to state a claim upon which relief can be granted. For the reasons set forth below, there is no basis for the motion and Defendants' Motion to Dismiss should be denied in its entirety.

**STATEMENT OF FACTS**

1

On January 15, 2019, Ms. Smith filed a class action complaint (the "Complaint") (Doc. 1) against Defendants, setting forth two counts of deceptive, misleading and unfair debt collection practices in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. (the "FDCPA"). Defendants' violations stem from a collection letter dated January 16, 2018, sent to Ms. Smith (the "Letter").

Defendants' Letter is deceptive and misleading under the FDCPA, specifically under §§1692e and 1692f, as it (1) contains false language that implies Defendant LVNV is choosing not to sue Ms. Smith on the alleged debt when, in fact, Defendants' claim is time-barred, which is confusing and misleading to the consumer; and (2) includes a false and deceptive offer to settle the account by making four equal payments, which, if accepted and made by Ms. Smith, would exceed the total amount of the offer set forth in the Letter.

On March 19, 2019, Defendants filed their Motion to Dismiss Ms. Smith's Complaint (Doc. 9) claiming that the neither the disclaimer language, nor the settlement offer in question, violate the FDCPA.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 663, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 858 (2009) (quoting *Bell Atl. V. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007). In making this determination, the district court must assume that all well pled facts are true and draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. V. Consumeraffairs.com,*

*Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). "In making this assessment, a court must 'draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief." *Crowley v. JP Morgan Chase Bank, N.A.*, 2015 U.S. Dist. LEXIS 151381 (D.C.Md. Nov. 9, 2015) (citing *Iqbal*, 556 U.S. at 679).

The question of whether the debt-collection language in a dunning letter has violated the FDCPA is addressed from the standpoint of the least sophisticated consumer and is often a question of fact. *Alston v. Midland Credit Mgmt*, No. 8:18-cv-00014-AMQ, 2018 U.S. Dist. LEXIS 110645, at *9, 2018 WL 3309725 (D. S.C. July 3, 2018). Accordingly, it should not be decided on a motion to dismiss. *Id.* Mrs. Smith's Complaint avers the required elements for violations of the FDCPA, thus, Defendant's Motion to Dismiss must be denied.

## **LEGAL ARGUMENT**

In order to prevail on an FDCPA claim, a plaintiff must plead and prove three elements. First, the plaintiff must have been the object of a collection activity arising from a consumer debt. *In re Creditrust Corp.*, 283 B.R. 826, 830 (Bankr. D. Md. 2002). Second, the defendant must be a debt collector as defined by the FDCPA. *Id.* Third, the defendant must have engaged in an act or omission prohibited by the FDCPA. *Id.* Ms. Smith has plead the required elements as to both counts, and the Motion should be denied.

    A. **DEFENDANTS' LETTER FALSELY AND MISLEADING ADVISES THE CONSUMER THAT DEFENDANT "LVNV WILL NOT SUE" THE**

**CONSUMER IN VIOLATION OF SECTION 1692e**

        **1.**        <u>**The Statute of Limitations Disclosure Language Violates the FDCPA**</u>

The Fourth Circuit applies the "least sophisticated consumer standard" in evaluating FDCPA claims. *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 138 (4th Cir. 1996); *Lembech*, 528 F. App'x 302 (citing *Nat'l Fin. Servs.*) "While protecting naïve customers, the "least-sophisticated-consumer" standard "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a reasonableness and presuming a basic level of understanding and willingness to read with care." *Nat'l Fin. Servs.*, 98 F.3d at 136. Moreover, "[a]lthough naïve, the least sophisticated debtor is not 'tied to the very last rung of the intelligence or sophistication ladder.'" *Johnson v. BAC Home Loans Servicing*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011) (quoting *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)).

It cannot be assumed that consumers understand the statute of limitations. Most consumers simply "do not understand their legal rights with respect to time-barred debts." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) (citing FED. TRADE COMM'N, REPAIRING A BROKEN SYSTEM: PROTECTING CONSUMERS IN DEBT COLLECTION LITIGATION AND ARBITRATION 26-27 (2010)). As a result, the FDCPA is meant to protect consumers even if the debt collection letter does not expressly threaten litigation. *McMahon*, 744 F.3d at 1020; *Alston*, 2018 U.S. Dist. LEXIS 110645 at *8. Thus, a debt collection letter which misleads an unsophisticated consumer into believing that a time-barred debt is legally enforceable could be construed as unfair or deceptive under the Act. *Id.* at *8.

Defendant's Letter to Ms. Smith states: "The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding, LLC will not sue you for it." The first

sentence is nothing more than a general statement about the law. It merely tells Ms. Smith that there is a legal time limit. It does not indicate whether this particular debt has reached that legal time limit; nor does it tell Ms. Smith what the length of time is for this particular debt. It is a statement about the law, which requires Ms. Smith to infer how—*if at all*—it is relevant to her debt.

The first sentence of the disclaimer uses the word "*can*" to tell Ms. Smith how long she can be sued on a debt. The definition of the word "can" means "be able to" or 'be permitted to." *Can*, Merriam-Webster Dictionary. (online ed. 2019). Thus, logic dictates that once that time limit is reached, a consumer "*cannot*" be sued on that debt. In other words, the debt collector is no longer able to, or permitted to, sue on it.

Despite this language, Defendants' Letter to Ms. Smith states that Defendant LVNV "*will not*" sue on her debt. As used in this context, "will" means "to choose." *Will*, Merriam-Webster Dictionary. (online ed. 2019). This clearly influences Ms. Smith, and other unsophisticated consumers, to believe that LVNV has chosen not to sue on this debt; not that it "*cannot*" sue on the debt. Additionally, Ms. Smith's Letter is silent as to the fact that neither Defendant Dynamic, nor any subsequent creditor or debt collector, can file a lawsuit. Thus, Ms. Smith was left completely unadvised as to whether Defendant Dynamic (who sent her the Letter) or a future owner of the debt could sue her.

Simply stating that Defendants will not sue because of the "age of the debt" is unclear. As explained by the Seventh Circuit in *Pantoja v. Portfolio Recovery Assocs., LLC*, language like this could easily leave a consumer unsure about why the debt collector has chosen not to sue on the debt. 852 F.3d 679 (7th Circuit 2018). The "age of the debt" could simply mean that it is no longer

cost effective for Defendants to collect the debt from Ms. Smith; not necessarily that the debt has been time-barred. "The reader is left to wonder whether [the debt collector] has chosen to go easy on this old debt out of the goodness of its heart, or perhaps because it might be difficult to prove the debt, or perhaps for some other reason." *Pantoja*, 852 F.3d at 686. Thus, Defendants' vague statement that they are not suing because of the "age of the debt" is open to interpretation. Defendants fail to clearly communicate where this particular debt falls on the time scale; nor does it indicate that this particular debt is time-barred.

The final line of the disclaimer states: "If you make a partial payment on this account it *may* restart the statute of limitations on this account." (emphasis added). The definition of the word "*may*" means "have permission to" or is "used to indicate possibility or probability." *May*, Merriam-Webster Dictionary. (online ed. 2019). This line in Ms. Smith's letter is false. If Ms. Smith were to make a payment on this account it *would* restart the statute of limitations. By using the word "may" the consumer does not know what circumstances would cause the statute of limitations to restart. A consumer would not know if all partial payments would restart the clock, or if partial payments, as proposed by defendants in the Letter have the effect of restarting the clock.

The ultimate issue here rests on whether Defendants' Letter would cause the least sophisticated consumer confusion as to her legal rights. There is no doubt that it would. On its face, Defendants' Letter is deceptive and sends mixed messages to Ms. Smith. Nevertheless, Defendants argue the language used that is unequivocal and unambiguous. They explain that they *could choose* to sue on a time-barred debt, even if doing so had negative consequences or prevented them from recovering. According to Defendants, it would be inaccurate to state that they

"*cannot*" sue, even though the general statement about the law uses the word "*can*;" not "*will*." As set forth more fully below, Defendants' argument again fails and its Motion must be denied.

## 2.     Defendants Cannot Sue on a Time-Barred Debt

Defendants contend that they ***could choose*** to sue on a time-barred debt, even if doing so had negative consequences or prevented them from recovering. In other words, Defendants are acknowiging that suing on a time-barred debt would subject them, not only to liability under the FDCPA in violation of sections 1692e and 1692f, but would also constitute the filing of an action in bad faith.

"Federal circuit and district courts have uniformly held that a debt collector's threatening to sue on a time-barred debt and/or filing a time-barred suit in state court to recover that debt violates §§ 1692eand 1692f." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1259-1260 (7th Cir. 2014). The *Crawford* court reasoned that filing on a time-barred debt is "unfair" for several reasons. *Id*. First, "few unsophisticated consumers would be aware that a statute of limitations could be used to defend against lawsuits based on stale debts[.]" *Id*. at 1260 ((citing *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013) (quotation marks omitted)). Even if they were aware that the statute of limitations applied, its also unlikely that consumers would know to raise the issue as an affirmative defense. Second, the consumer's memory is likely faded due to the passage of time. Time has the effect of "dull[ing] the consumer's memory of the circumstances and validity of the debt." *Id*. This would make it difficult for consumers to recall specifics about a debt in order to properly defend themselves. Third, it becomes more likely that a consumer  "no longer [has] personal records about the debt." *Id*. A consumer may "unwittingly acquiesce to such lawsuit." *Id*.

Furthermore, the *Crawford* court found that allowing lawsuits on a time-barred debt would contravene the purpose behind the statute of limitations. *Id*. The statute of limitations is in place to "'protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise.'" *Id*. (quoting *United States v. Kubrick*, 444 U.S. 111, 117 (1979). There would be no purpose to a statute of limitations if it were disregarded. Even though Defendants *could* technically sue on a time-barred debt, doing so would be unfair, unconscionable, deceptive, and misleading. Thus, a violation of FDCPA.

### 3. Defendants' Case Law is Not Dispositive on This Issue

Defendants rely heavily on an opinion by the North Carolina Court of Appeals, but their reliance is misplaced. In *Unifund*, the court addressed if the statute of limitations can be raised by the trial court on its own initiative, or if it must be brought as an affirmative defense. *Unifund CCR, LLC v. Francois*, 817 S.E.2d 915 (N.C. Ct. App. July 17, 2018). In holding that the trial court could not, *sua sponte*, dismiss the complaint for the enforcement of a time-barred debt, the court pointed out that North Carolina has an "enforcement mechanism" in place which authorizes "the debtor and Attorney General to bring civil claims against violators to recover actual and statutory damages." *Id*. at 916. Moreover, the North Carolina court did not address the language of a dunning letter; nor did it apply the least sophisticated consumer standard, both of which are at issue here.

Defendants also rely on *Valle v. First National Collection Bureau, Inc.* 252 F.Supp.3d 1332 (S.D. Fla. 2017), and the consent decrees issued by the Federal Trade Commission (the "FTC") and the Consumer Financial Protection Bureau ("CFPB"). Although they may have persuasive

value, they are not binding on this Court. Moreover, the language from *Valle*, although similar, was different than the language at issue here.

At issue here is whether this language is clear and unambiguous to the least sophisticated consumer. Defendants argue that using different language would be confusing to the consumer. They speculate that if this Letter had used the language "***cannot***" and the consumer were sued, the least sophisticated consumer might believe that the lawsuit required no action. Perhaps then, Defendants should make the language in the Letter clearer to the consumer. As it stands, the Letter states that there is a limit on how long a consumer "***can***" be sued on a debt. If the consumer were sued, she may not realize that the debt was time-barred since the lawsuit was actually commenced. As a result, the consumer may not raise the statute of limitations as an affirmative defense—even assuming that a the least sophisticated consumer knew that it could be raised in response to a lawsuit on the debt.

Neither the Supreme Court, nor the Fourth Circuit Court of Appeals, have addressed this particular language. However, at least one South Carolina District Court has discussed this issue when ruling on a similar Motion to Dismiss in *Alston v. Midland Credit Mgmt.*, 2018 U.S. Dist. LEXIS 110645. Like Ms. Smith's Letter, the letter in *Alston* also stated that "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. . . ." *Id*. at *2. The district court observed that "[i]n a more recent line of cases, four Circuit Courts of Appeal have found that a collection letter may violate the Act even where it does not expressly threaten litigation." *Id*. at *8. If there are allegations in the complaint, which, if taken as true could support a claim the motion to dismiss must be denied. *Id*. As such, the district court denied the motion to dismiss, noting that such as letter could be a violation of the FDCPA. Similiarly, Ms.

Smith's Complaint has sufficient allegations of violations of the FDCPA, and the court should deny the pending motion to dismiss.

### B. DEFENDANTS DECEPTIVELY AND UNFAIRLY MISREPRESENT THE OFFERED SETTLEMENT AMOUNT IN VIOLATION OF SECTIONS 1692e AND 1692f

#### 1. Defendants' False Settlement Amounts Offered to the Consumer Violate the FDCPA

As stated, *supra,* Defendants' violations stem from a January 16, 2018 collection letter sent by Defendant Dynamic to Ms. Smith on behalf of Defendant LVNV. Defendants' Letter offered Ms. Smith several settlement options. The specific portion of the Letter that violates the FDCPA lies in Option 3 which states:

> You may resolve your account for $480.34 in 4 payments starting on March 2, 2018. To comply with this offer, payments should be no more than 30 days apart. We are not obligated to renew this offer. Upon receipt and clearance of these four payments of $120.09, this account will be considered satisfied and closed, and a satisfaction letter will be issued;

This offer constitutes, without question, an unfair, false and misleading statement to the consumer. Specifically, it appears to offer Ms. Smith the option to settle her alleged debt of $960.68 for the reduced total amount of $480.34. In reality, Defendants are actually charging Ms. Smith $480.36 to settle the debt, as the required four payments of $120.09 each total more than Defendants' offer states. This is a deliberate attempt by Defendants to deceptively entice Ms. Smith to accept what appears to be one specific settlement amount when, in truth, she would be paying more than the amount Defendants' purportedly proposed in their Letter.

Defendants respond that the $.02 difference between the settlement offer and the amount which would actually be paid by Ms. Smith is (1) the result of a rounding error contained in

Defendants' collection software and (2) a *de minimus* discrepancy in payment amounts and, therefore, does not violate the FDCPA. Defendants are mistaken.

Debts that are misstated by relatively small amounts have been found to violate §1692e of the FDCPA. At least one court in this Circuit has found this to be true. In *Sunga v. Rees Broome, P.C.*, 2010 U.S. Dist. LEXIS 81970 (E.D.Va Aug 12, 2010), the court upheld the plaintiff's §1692e claim, denying the debt collector's motion to dismiss, where the debt collector improperly added an interest payment of $2.57, rather than the correct amount of $1.16, finding plaintiff's allegations "sufficient to support a claim that Defendant falsely misrepresented the amount Plaintiff owed." *Id.* at *11.

In *Gorman v. Messerli & Kramer, P.A.*, 2016 U.S. Dist. LEXIS 23474 (D. Minn. Feb. 25, 2016), the court upheld the plaintiff's claims for alleged violations of §§ 1692e and 1692f where the debt collector added an impermissible $35.00 fee to plaintiff's amount owed. Further, in addressing the issue of materiality, the *Gorman* court stated "a debt collector's false statements in a dunning letter asserting that a debtor owes an amount the debt collector is unauthorized to collect should almost always be considered material because of the FDCPA's stated aim to halt 'the abusive, deceptive and unfair debt collection practices by many debt collectors.'" *Id.* at *14 (quoting 15 U.S.C. §1692(a).) The FDCPA is a strict liability statute which "imposes liability without proof of an intentional violation." *See Reich v. Van Ru Credit Corp.*, 191 F.Supp. 3d 668, 672 (E.D.Tx., June 8, 2016) (*quoting Glover v. F.D.I.C.*, 698 F.3d 139, 149 (3d Cir. 2012).

    **2.**    **Defendants' Case Law is Not Dispositive on the Issue**

In support of their motion to dismiss, Defendants cite to three cases which are either distinguishable from the facts of Ms. Smith and/or not precedential in the District of South Carolina.

First, Defendants rely on the rulings in *Matuszczak v. Miramed Revenue Group, LLC*, 2017 WL 5467117 (N.D.Ind. Nov. 13, 2017) and *Akoundi v. FMS, Inc.*, 2014 WL 3632008 (S.D.N.Y Jul. 22, 2014). Neither decision is binding on this court. Moreover, substantively, the facts of these cases are distinguishable from those of Ms. Smith's and, while the distinction is subtle, it is significant. The plaintiffs in both *Matuszczak* and *Akoundi*, received settlement offers from the defendant debt collectors. In *Matuszczak*, a representative for the debt collector offered the plaintiff the following settlement option: plaintiff could settle the debt at a 20% discount for the specific amount of $2,796.00. The plaintiff alleged this was a violation of the FDCPA because 20% of the full amount of the debt actually amounted to $2,795.55. The facts in *Akoundi* are parallel to those in *Matuszczak*. In *Akoundi*, the plaintiff was offered the following settlement option: plaintiff could settle the debt for 25% of the balance for the specific amount of $1,711.57. Again, the plaintiff here alleged violations of the FDCPA because 25% of the full balance of the debt amounted to $1,711.56. Both of these cases were dismissed by the courts, finding these plaintiffs had failed to state a viable claim under the FDCPA.

The subtle difference between the settlement offers made in the *Matuszczak* and *Akoundi* cases and Ms. Smith's case is significant. In *Matuszczak* and *Akoundi*, both defendant debt collectors offered to settle the plaintiffs' debts for a percentage of the full amount allegedly owed. In both cases the debt collectors stated the relevant percentage, calculated same, and proposed an exact amount which the plaintiffs could pay to satisfy the debt. The proposed settlement amount

stated by the debt collector was a fixed numerical amount presented to each plaintiff. First, it is plausible that a debt collector's computer software may use rounding when calculating a percentage of an amount owed. However, after calculating that percentage amount, the defendant debt collectors in both cases offered the consumer a fixed amount required to satisfy the debt – and these fixed amounts were the true and accurate amounts the plaintiffs could pay to resolve their balances.

This was not so in the offer contained in Ms. Smith's Letter. Here, the Defendants did initially offer her a set amount they allegedly required to satisfy the debt at a reduced settlement rate. <u>But, the amount they told Ms. Smith she would be paying in acceptance of that settlement offer was false</u>. Defendants here intentionally attempted to entice Ms. Smith to accept what she thought was one amount, while actually offering a payment plan which amounted to a greater amount.

Furthermore, a rounding defense is not valid here. For example, Defendants could have easily determined the total settlement amount they wished to offer Ms. Smith. Then, when dividing it into the four required payments, they simply could have stated: the first three payments should each be for the amount of $120.09 and the final, fourth payment should be for the amount of $120.07. Not only did Defendants not choose this proper and accurate procedure in calculating their settlement offers, they intentionally and deceptively proposed one amount but then, without disclosure to the consumer, attempted to charge her more. It is this intentionally misleading behavior which differentiates the facts in Ms. Smith's case to those referenced by Defendants. The prevention of the use of unfair, deceptive and misleading collections tactics by debt collectors is

the reason the FDCPA was enacted. Defendants' actions constitute this type of unacceptable behavior and, for that reason, their motion to dismiss must be denied.

Finally, Ms. Smith cannot simply ignore the case of *Brown v. Alltran Financial, LP*, 2018 WL 5923772 (W.D.Wis. Nov. 13, 2018). *Brown* closely parallels the facts of the present matter where the court ultimately dismissed the plaintiff's complaint, finding that an offer differing "by a single cent would [not] be material in making a decision to repay or not repay a debt." *Id.* at *2. Simply put, *Brown* is not controlling law in this district. Just as Defendants have found one case which supports their motion for dismissal, so too has Ms. Smith offered compelling case law supporting the true fact that Defendants' Letter did, in fact, violate the FDCPA. Ms. Smith respectfully urges this Court to adopt her position that Defendants' deliberate and misleading debt collection tactics here are hardly *de minimus* or immaterial. Defendants have violated §§1692e and 1692f of the FDCPA and the motion must be denied.

## **CONCLUSION**

Ms. Smith has demonstrated that there is a viable cause of action against Defendants for violations of the FDCPA. The language used in Ms. Smith's collection letter is misleading because it implies that Defendants have chosen not to sue, when in fact they are time-barred from suing. Such language leads an unsophisticated consumer, like Ms. Smith, to infer that Defendants could sue to collect the debt if they so choose. Defendants are arguing that they can, in fact, sue but it would be up to Ms. Smith to plead an affirmative defense of the statute of limitations. As a result, Defedants are engaging in materially deceptive practices.  Ms. Smith was placed at an imminent risk of falling victim to Defendants' deliberate and deceptive attempt to charge her more than she believed she was paying to settle her account. Additionally, Ms. Smith incurred an informational

injury as Defendants' Letter falsely alleged she would be paying one specific amount, when in fact, she would be paying more than what was represented in the Letter. As such, Ms. Smith has more than met her burden of averring Defendants' violation of both §§ 1692e and 1692f of the FDCPA.

For the aforementioned reasons, Ms. Smith respectfully requests that this Court deny Defendants' Motion to Dismiss in its entirety.

Dated:  April 16, 2019                                  Respectfully Submitted,

**NORSWORTHY LAW, LTD. CO.**
**UPSTATE RIGHTS, LLC**

*s/ Ken Norsworthy*
Ken Norsworthy, Esq.
505 Pettigru Street
Greenville, SC 29601
Ph:  864-804-0581
norsworthylaw@gmail.com
*Counsel for Plaintiff Belicia Smith*

## Certification of Service

      I, hereby certify that a copy of the foregoing and any attachments hereto were filed via CM/ECF and, thereupon, served on all counsel of record on April 16, 2019.

                                            *s/ Ken Norsworthy*

                                            Ken Norsworthy, Esq.