IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| BELICIA SMITH, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 2:19-cv-00135-DCN |
| vs. | ) ) | **ORDER** |
| DYNAMIC RECOVERY SOLUTIONS LLC, LVNV FUNDING LLC, and JOHN DOES 1–25, | ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on defendant Dynamic Recovery Solutions LLC ("Dynamic Recovery") and defendant LVNV Funding LLC's ("LVNV") (collectively, "defendants") joint motion to dismiss, ECF No. 9. For the reasons set forth below, the court grants the motion.

**I. BACKGROUND**

Plaintiff Belicia Smith ("Smith") allegedly incurred a debt to Regional Finance Corporation of South Carolina ("RFC") some time prior to January 16, 2018. Smith alleges that RFC issued funds to her on credit, and she was unable to make the required payments due to financial constraints. As a result, the debt, totaling $960.68, went into default. LVNV then allegedly purchased the debt and contracted with Dynamic Recovery to collect the debt.

Smith received a letter from Dynamic Recovery dated January 16, 2018 seeking to collect the debt ("the Letter"). The Letter offers Smith several repayment options. The first option permits Smith to resolve her account in full if she makes a payment of

1

$384.27 by March 2, 2018. The second option offers full resolution of the account with a total amount due of $432.31, made in two payments of $216.16 each.[1] The third option offers Smith to resolve her account in full with four payments of $120.09 each. The Letter states that the total amount due under this final option is $480.34; however, the sum of four payments of $120.09 is actually $480.36. Smith argues that this difference "is an attempt to collect an amount greater than allowed under the proposed offer" and is confusing and misleading. Compl. ¶¶ 42–48.

In addition, at the bottom of the Letter, there is language that states "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it. If you do not pay the debt, LVNV Funding LLC may report it to the credit reporting agencies as unpaid." ECF No. 1-1 at 2. Smith alleges that this language is deceiving because it "implies that [LVNV] has chosen not to sue . . . instead of the true fact that neither [LVNV] nor [Dynamic Recovery] nor any subsequent creditor/collector can file a lawsuit." Compl. ¶ 35–36.

As a result, Smith filed a proposed class action complaint alleging violations of the Fair Debt Collection Practice Act ("FDCPA") pursuant to 15 U.S.C. §§ 1692e and 1692f. Defendants filed a joint motion to dismiss on March 19, 2019. ECF No. 9. Smith responded on April 16, 2019, ECF No. 13, and defendants replied on April 23, 2019, ECF No. 15. The motion is fully briefed and ripe for review.

---

[1] The court notes that there is a one cent discrepancy between the sum of the two individual payments and the total amount due; however, Smith does not allege any issues with this discrepancy.

## II. STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir.1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. DISCUSSION

"The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage."

United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 135 (4th Cir. 1996). Specifically, the FDCPA prohibits the "use [of] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It is a violation of § 1692e, among other things, to: (1) falsely represent the character, amount, or legal status of any debt, id. § 1692e(2); (2) threaten to take any action that cannot be legally taken, id. § 1692e(5); or (3) use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," id. § 1692e(10). In a similar vein, § 1692f prohibits the "use [of] unfair or unconscionable means to collect or attempt to collect any debt." To state a claim for a FDCPA violation, the plaintiff must allege that "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Ruggia v. Washington Mut., 719 F. Supp. 2d 642, 647 (E.D. Va. 2010), aff'd, 442 F. App'x 816 (4th Cir. 2011). "Whether a communication is false, misleading, or deceptive in violation of § 1692e is determined from the vantage of the 'least sophisticated consumer,' evaluating how that consumer would interpret the allegedly offensive language." Powell v. Palisades Acquisition XVI, LLC, 782 F.3d 119, 126 (4th Cir. 2014) (citation omitted).

Here, Smith alleges that "[d]efendants made deceptive and misleading representations" based on the language that LVNV chose not to sue Smith in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10). Compl. ¶ 55. Smith also alleges that defendants made false, misleading, and unfair misrepresentations by offering Smith a payment option with terms that "deceptively attempted to collect more than the

amount of the offer" in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), and 1692f. Compl. ¶¶ 56, 61. Defendants argue that Smith's complaint should be dismissed because (1) the statute of limitations disclosure language does not violate the FDCPA, and (2) the payment option amount discrepancy was a rounding error that does not violate the FDCPA. The court agrees and finds as a matter of law that the conduct alleged by Smith is not a violation of the FDCPA.

### A. Statute of Limitations Disclosure Language

First, defendants argue that the statute of limitations disclosure language at the end of the Letter does not violate the FDCPA. The language states that "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it. If you do not pay the debt, LVNV Funding LLC may report it to the credit reporting agencies as unpaid." ECF No. 1-1 at 2. Smith alleges that stating that LVNV "will not sue" is deceiving when LVNV cannot sue due to the statue of limitations because "will not sue" implies that LVNV or subsequent creditors could change its mind and decide to sue if the debt is not repaid.

Neither the parties' research nor the court's own research has revealed any cases within the Fourth Circuit regarding this language;[2] however, the out-of-circuit case law on this issue is instructive and indicates that this language does not violate the FDCPA. Courts have consistently dismissed claims that allege that "will not sue" language instead of "cannot sue" language in the statute of limitations disclaimer in a debt collection letter is misleading and violates the FDCPA. See Valle v. First Nat'l Collection Bureau, Inc.,

---

[2] Indeed, each party points out that the other party cites to nonbinding case law. However, given the fact that there appears to be no Fourth Circuit case law on this precise issue, the court cannot fault either party for relying on out-of-circuit cases.

252 F. Supp. 3d 1332, 1339 (S.D. Fla. 2017) (dismissing FDCPA claim that alleged that "will not sue" language was misleading); Swann v. Dynamic Recovery Sols., LLC, 2018 WL 6198997, at *2 (N.D. Ala. Nov. 28, 2018) (appeal filed) (holding that "the statement that the creditor 'will not' sue is not deceptive or misleading"); Jones v. Synergetic Commc'n, Inc., 2018 WL 6062414, at *7 (S.D. Cal. Nov. 20, 2018) (concluding that, in the context of the case, "the 'will not sue' language could not plausibly mislead the least sophisticated consumer"); Trichell v. Midland Credit Mgmt., Inc., 2018 WL 4184570, at *5 (N.D. Ala. Aug. 31, 2018) (appeal filed) (concluding "that, as a matter of law, even a 'least sophisticated consumer' would not find Midland Credit Management's collection letters deceptive or misleading" when the letters contained "will not sue" language); Miran v. Convergent Outsourcing, Inc., 2017 WL 1410296, at *6 (S.D. Cal. Apr. 20, 2017) (finding that the plaintiff failed to state a claim for a FDCPA violation when the collection letter stated that "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it, and we will not report it to any credit reporting agency.")

These courts mainly rely on two lines of reasoning. The first is that "will not sue" is not misleading in context with an additional disclaimer that the law limits how long a person can be sued on a debt. For example, in Valle, the collection letter stated that "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency." 252 F. Supp. 3d at 1339. The plaintiff, like Smith, argued that this language was misleading because "it implied that the Defendant chose not to sue the Plaintiff when, in reality, the Defendant could not sue the Plaintiff as a matter of law

6

because of the age of the debt." Id. at 1340. The Valle court disagreed, explaining that "[t]he phrase with which the Plaintiff takes issue must be read in the proper context," and because the disclaimer included language about the legal limits to the time for which she could be sued, "the phrase 'will not sue you' is not false or deceptive, even from the perspective of the least sophisticated consumer." Id. The language in Valle is nearly identical to the language in the Letter.

Similarly, Trichell is another case in which the collection letters contained language that stated that "[t]he law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau." 2018 WL 4184570, at *1. The plaintiff argued that this language implied that the defendants could sue him but chose not to. Id. at *4. Like the Valle court, the court in Trichell found that the language did not violate the FDCPA because "the collection letters include a sentence stating that the law limits how long a debtor can be sued on a debt." Id. As a result, "[t]his sentence draws a connection between the legal unenforceability of the debt and the debt collector's promise not to sue," meaning that the collection letters did "not deceptively or misleadingly imply that the debts are legally enforceable." Id. In addition, the court in Swann faced a similar challenge to language in a collection letter that stated that "[t]he law limits how long you can be sued on a debt. Because of the age of your debt Jefferson Capital Systems, LLC will not sue you for it." 2018 WL 6198997,

at *2.  The court agreed with the reasoning in Trichell and held that this disclaimer language was not misleading.  Id. at *12.

The second line of reasoning used by courts to determine that the language at issue here is not misleading is that the "will not sue" language is the same language that has been mandated by consent decrees entered by the Federal Trade Commission ("FTC") and the Consumer Financial Protection Bureau ("CFPB").  The Valle court noted that while the consent decrees were not binding because neither party in the case was involved in those decrees, "the fact that the two agencies charged with enforcing the FDCPA mandated the language used by the Defendant serves to reinforce its finding that the language does not constitute a false representation or a deceptive means of collecting the debt."  Valle, 252 F. Supp. 3d at 1341.  Other courts have taken judicial notice of these consent decrees and agree with this reasoning.  Swann, 2018 WL 6198997, at *11–12; Genova v. Total Card, Inc., 193 F. Supp. 3d 360, 367 (D.N.J. 2016).

The court is convinced by both lines of reasoning.  Here, the Letter first states that "[t]he law limits how long you can be sued on a debt," which gives context to the subsequent sentence that "[b]ecause of the age of your debt, LVNV Funding LLC will not sue you for it."  Even the least sophisticated consumer could draw a connection between these two sentences and conclude that the reason that LVNV is not suing for the debt is because the age of the debt.  Moreover, in line with other courts considering this issue, the court judicially notices the fact that the FTC and CFPB use this "will not sue" language and finds this to be a persuasive fact that the language is not misleading under

the FDCPA. Therefore, the court concludes that the Letter's "will not sue" language is not misleading and does not violate the FDCPA.

Smith cites to Pantoja v. Portfolio Recovery Assocs., LLC, 852 F.3d 679, 686 (7th Cir. 2017), cert. denied, 138 S. Ct. 736 (2018), as support for its argument that the statute of limitations language in the Letter leaves consumers such as Smith unsure about why the debtor has not sued. Smith specifically cites language from Pantoja that states that "[t]he reader is left to wonder whether Portfolio has chosen to go easy on this old debt out of the goodness of its heart, or perhaps because it might be difficult to prove the debt, or perhaps for some other reason." ECF No. 13 at 6 (citing Pantoja, 852 F.3d at 686). However, read in context, this was true because the collection letter at issue did not contain language that said "[t]he law limits how long you can be sued on a debt" and only included the language that "[b]ecause of the age of your debt, we will not sue you for it." Pantoja, 852 F.3d at 686. As discussed above, when some language describing the statute of limitations is included, as in Valle, Swann, and Trichell, courts have found that the "will not sue" language read in context is not misleading. Here, the Letter first states that "[t]he law limits how long you can be sued on a debt"; therefore, the facts of Pantoja are distinguishable.

Smith also discusses a case within the Fourth Circuit, Alston v. Midland Credit Mgmt., Inc., 2018 WL 3309725 (D.S.C. July 3, 2018). In Alston, the collection letter at issue stated that "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid." Id. at *1. The defendant filed a motion to dismiss, claiming that this language was not a violation of the FDCPA. The

Alston court denied the defendant's motion to dismiss, id. at *4, and Smith argues that Alston is similar to the instant case. However, the defendant's challenge to the alleged FDCPA violation in Alston is different from defendants' challenge here. In Alston, the defendant argued that the collection letters did not explicitly threaten litigation while attempting to collect the debt, and therefore the plaintiff could not state a claim for a FDCPA violation. The court explained that "[i]n a more recent line of cases, four Circuit Courts of Appeal have found that a collection letter may violate the Act even where it does not expressly threaten litigation." Id. at *3. However, because there was no binding precedent on this issue, the court declined to hold that the plaintiff failed to state a claim for this reason. Smith cites to this reasoning in support of her argument; however, here, defendants do not argue that Smith failed to state a claim because the Letter does not explicitly threaten litigation. Instead, defendants argue that Smith failed to state a claim because "will not sue" instead of "cannot sue" is not misleading under the FDCPA. Therefore, the holding in Alston provides no support for Smith. In sum, the court finds that Smith has failed to state a FDCPA claim based on the "will not sue" language because read in context, the language is not misleading even to the least sophisticated consumer.

Smith also argues that the Letter is misleading because it states that "[i]f you make a partial payment on this account it may restart the statute of limitations." ECF No. 13 at 6. However, Smith does not allege that this language violates the FDCPA in her complaint. "[I]t is well-settled that a complaint cannot be amended by plaintiff's briefs in

opposition to a motion to dismiss." Sheppard v. LPA Grp., 2008 WL 444685, at *3 (D.S.C. Feb. 15, 2008). Therefore, the court will not consider this argument.

Moreover, it is unclear to the court whether Smith alleges that the disclaimer language is misleading under the FDCPA because the language only mentions the rights of LVNV to sue and not the rights of Dynamic Recovery. In Smith's complaint, she alleges that "the Collection Letter is completely silent as to the rights of the debt collector, Defendant Dynamic, to file a lawsuit against the consumer." Compl. ¶ 37. However, Smith only alleges that the "will not sue" language is deceptive and misleading. Id. ¶ 38, 55. Moreover, while defendants address this allegation in their motion to dismiss, Smith does not respond to defendants' argument on the issue. Regardless, even assuming that Smith alleges that the disclaimer is misleading because it is silent as to Dynamic Recovery's rights, the court finds that this allegation is insufficient to state a claim for a FDCPA violation.

The language in Swann cited by defendants is instructive on this issue. The Swann court explained that "the fact that the disclaimer only states that [the creditor] will not sue must be read in conjunction with the letter's language regarding who owns the debt, and thus the right to sue. The letter states that [the debt collector] has 'been asked to contact you by our client, [the creditor], regarding your past due account with them' because 'Our Client has not received payment.'" Swann, 2018 WL 6198997, at *13. The court went on to explain that "[n]othing about this letter suggests that [the debt collector] owns the debt, or will (or has the right to) take any action in any way against Swann if the debt owed to [the creditor] is not paid." Id. The court concluded that "[w]hen read as whole, the letter is clear, and common sense dictates, that the right to

11

enforce and collect on the debt, if it exists at all, exists only with [the creditor]." Id.
Here, the Letter contains similar language to the letter in Swann. It states that Dynamic Recovery "has been asked to contact [Smith] by our client, LVNV Funding LLC, regarding your past due account with them." ECF No. 1-1 at 2 (emphasis added). And like the letter in Swann, nothing in the Letter suggests that Dynamic Recovery could take action against Smith. Finally, the court has not found nor has Smith provided any case law to support the argument that lack of discussion about a debt collector's rights in a collection letter is misleading under the FDCPA. Therefore, the court finds that Smith's FDCPA claim as to the statute of limitations disclosure language should be dismissed.

### B. Payment Amount Discrepancy

Next, defendants argue that the discrepancy in the third payment option between the total stated amount for which Smith could resolve her account and the sum of the individual payment amounts is a de minimis rounding error and therefore does not violate the FDCPA. The third payment option listed in the Letter offers full resolution of Smith's account for a total payment of $480.34, to be paid in four payments of $120.09. However, the sum of four payments of $120.09 is $480.36, which is a $0.02 difference from the total amount listed on the Letter. Defendants attribute this difference to a rounding error. They explain that the total amount, $480.34, divided by four is $120.085. Defendants believe that accounting software rounded this amount up to $120.09.

Once again, this precise issue appears to be unaddressed by courts in the Fourth Circuit. However, defendants cite to three out-of-circuit cases in which courts dismissed FDCPA complaints based on rounding errors. See Brown v. Alltran Fin., LP, 2018 WL 5923772, at *2 (W.D. Wis. Nov. 13, 2018) (one cent misstatement between total stated

amount and sum of individual payments based on a rounding error); Matuszczak v. Miramed Revenue Grp. LLC, 2017 WL 5467117, at *2 (N.D. Ind. Nov. 13, 2017) (forty-five cent misstatement based on a rounding error when calculating settlement amount based on percentage of total debt owed); Akoundi v. FMS, Inc., 2014 WL 3632008, at *4 (S.D.N.Y. July 22, 2014) (one cent misstatement based on a rounding error when calculating settlement amount based on percentage of total debt owed). Smith argues that Matuszczak and Akoundi are distinguishable from the instant case because in those cases, the rounding error originated from calculating the percentage of the total amount owed, leaving the total amount of debt intact, while here, the rounding error altered the total amount of money that Smith would owe. The crucial distinction, Smith argues, is that "the amount [defendants] told Ms. Smith she would be paying in acceptance of [the] settlement offer was false." ECF No. 13 at 13.

While defendants' argument about the probable rounding error is convincing,[3] the core issue here is not what caused the discrepancy but whether the discrepancy was material. "A logical corollary of the least sophisticated consumer test is that false, deceptive, and misleading statements must be material to be actionable." Powell, 782 F.3d at 126. "The materiality requirement limits liability under the FDCPA to genuinely false or misleading statements that 'may frustrate a consumer's ability to intelligently choose his or her response.'" Id. (quoting Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1034 (9th Cir. 2010)). The Fourth Circuit has explained that "[i]n assessing

---

[3] It is especially convincing given the fact that the same issue appears to have occurred with the second payment option. The total amount due in the second payment option is $432.31. When that amount is divided by two, the result is $216.155. The letter lists the individual payment as $216.16, which is the result from rounding up from $216.155.

13

materiality, 'we are not concerned with mere technical falsehoods that mislead no one.'" Id. (quoting Donohue, 592 F.3d at 1034).

"[T]he proper analysis requires consideration of the degree to which the amount due on the debt was overstated and whether the extent of the overstatement would have been material to the least sophisticated consumer." Conteh v. Shamrock Cmty. Ass'n, Inc., 648 F. App'x 377, 379 (4th Cir. 2016). "Although the Fourth Circuit has not specified the exact severity of misstatement that is 'material,' misstatements of 50% and 10% have both been found to be material." Archie v. Nagle & Zaller, P.C., 2018 WL 3475429, at *3 (D. Md. July 19, 2018) (appeal filed) (citing Powell, 782 F.3d at 127 and Conteh v. Shamrock Comm'y Ass'n, Inc., 648 F. App'x. 377, 380 (4th Cir. 2016)). In contrast, courts within the Fourth Circuit have found misstatements of less than 10% of the total amount due to be de minimis and therefore not material. See Archie, 2018 WL 3475429, at *5 (finding any false representation of amount owed to be not material because the overstatement, depending on how it was calculated, was 0.18% or 0.13% of the total judgment); Dudley v. Focused Recovery Sols., Inc., 2017 WL 2981345, at *4 n.5 (E.D. Va. July 12, 2017) (understatements of 1.8%, 3.6% and 8.4% of interest accrued based on debt repayment were immaterial).

Here, the overstatement of the total amount Smith would owe under the third payment option was two cents. Considering the amount that Smith would owe absent the overstatement, $480.34, the misstatement was 0.00004164% of the amount owed. This clearly is not material to the least sophisticated customer, as it is substantially less than a 1% misstatement. Therefore, the discrepancy in the payment amount does not violate the

FDCPA. As such, Smith has failed to state a claim for an FDCPA violation based on this discrepancy.

## IV.   CONCLUSION

For the foregoing reasons the court **GRANTS** the motion to dismiss.

**AND IT IS SO ORDERED.**

                    **DAVID C. NORTON**
                    **UNITED STATES DISTRICT JUDGE**

**June 5, 2019**
**Charleston, South Carolina**